## BOYD v STATE OF FLORIDA
### Case Nos. 70641 MH and 70642 MH
Seventh Judicial Circuit, Volusia County

November 12, 1987

### APPEARANCES OF COUNSEL
**Michael H. Lambert, Esquire,** Lambert & Whited, for appellant.
**Mark Burnham, Esquire,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT
WILLIAM C. JOHNSON, JR., Circuit Judge.

This is an appeal from the County Court of Volusia County, Florida, the Honorable Darrel Carnell, County Judge. The Appellant was tried and convicted by a jury of Driving While Under the Influence of Alcoholic Beverages. Appellant asserts two grounds and issues on appeal.

I. The first ground for this appeal is whether or not the trial court erred in allowing the introduction of documentary evidence in support of the chemical breath test. The documents referred to are those generally relied upon and used to establish a predicate for the introduction of breath tests.

Appellant argues that the copy of the registration of the Intoxilyzer 3000 Serial No. 2838 used and admitted in this case does not contain the required attestation in the required forms. Appellant further states that the custodian of the records testified he had no idea where this document came from or who may have signed it.

Appellee adopts the facts set forth in Appellant's brief. Appellee's argument is that the mere fact that the unit was accepted for inspection by HRS is prima facie evidence that it was a registered chemical breath test instrument and that the acceptance alone demonstrates sufficient compliance with the Rule. Appellee further argues that the business records exception to the hearsay rule makes the documents admissible even if the requirements of the HRS rules and Florida Administrative Code were not met.

Mere acceptance of a machine for inspection by a State agency may be "prima facie" evidence that the machine was accepted for inspection. However, the rules and statutes in criminal cases require more than that to establish and prove the fact of its registration.

The rules and law require that the State *prove* these matters. It is the State's burden. It is not enough to present prima facie evidence of acceptance for inspection by HRS. That does not satisfy the Administrative Rule. There being no authorized attestation and signature by the authorized custodian, the document cannot be introduced into evidence under F. S. 90.902.

On the first issue, the Court finds the lower Court erred in admitting the breathalyzer test results into evidence. The Court must reverse on this issue and remand this cause for new trial. The judgment and sentence are vacated.

The second point on appeal is the contention that the trial court erred in giving the standard jury instruction on presumption of intoxi-

cating because the test was not given until two hours and fifteen minutes after the traffic stop.

The Court has had some difficulty in fully and definitively ascertaining exactly what issue Appellant was attempting to raise and argue on this ground of appeal. The matter was further confused by subsequent authorities submitted that indicated a challenge to the constitutionality of the presumption statute and the instructions approved by the Florida Supreme Court. The basis for such a challenge would be that they result in shifting of the burden of proof to the defendant in violation of the State and Federal Constitutions.

However, that issue was not raised in the trial court and has not been preserved for appeal. The trial judge was not given the opportunity to consider and rule on any constitutional issue. It is not argued in the briefs.

Inasmuch as it has been decided that this case must be reversed and remanded on the evidentiary grounds set out in Issue I, the Court declines to rule on Issue II at this time. To do so now would be to prematurely address of issue of constitutionality that was not raised, preserved and argued in the Court below. *State of Florida v Oakley,* [12 FLW 2299] (4th DCA).

REVERSED and REMANDED.